Next case for argument is 2011-1524 NORTHPOINT v. DIRECTV So even if we were to agree with you and believe the conception documents show a 96 conception, how do we get around what appears to me to be a separate finding that the statement in the complaint is binding regardless of what the documents show? Under Fifth Circuit law, I do not believe that that would be binding. That is not... What case do you have for that support? Because the District Court cites Davis v. Edwards, which suggests it is binding. And that's a Fifth Circuit case, and that's the relevant regional circuit that we look to for procedural issues. I believe it is White v. Arco Polymers that's cited in our brief on page 27, as well as Borrell v. United States. And I further think it was made pretty clear that no one was relying on this alleged admission of fact, as both defendants submitted discovery asking what the conception date was, and propounded interrogatory requests and document requests asking what the conception date was, and all evidence that NORTHPOINT had of the conception date. But Borrell, if I do recall that case correctly, goes to statements of law made in the complaint, and whether those are binding, not statements of fact. Are you trying to suggest that the statement that Judge Wallach read to you about when the... This realization led ultimately to the invention described in the 636 patent. In 97, the inventors realized that in order to fully implement their technology, they needed to develop a system. That sounds awfully factual to me. I don't recall. Maybe I'm wrong about Borrell, but my recollection of it was that it said legal statements made in a complaint are binding on parties. It didn't pertain to factual statements. I would agree that that is not... I would argue that that is not a legal conclusion, rather it's just part of the narrative that went into the background of what had happened and how the parties had gotten to that point. I don't believe... I think in order to reach that level, we would, if I had to state, the conception of the invention was X. And I don't believe that that kind of comment in an initial complaint... You don't think that a statement that the invention was conceived in 97 is a factual statement related to conception only if a precise date is given? And that seems like a strange rule for us to adopt. You're right, Your Honor, and I did not intend to create that sort of rule. I just don't think that it would be within the spirit of the law to create that as a binding conclusion of law when it was clear, and it has been clear, that all of the parties did not take that as a binding admission of law. What evidence is there that defendants didn't take it as a binding... I mean, the district court said it's binding. The Fifth Circuit law, as I understand it, says it's binding. Should I... Did you somehow... Are they equitably stopped from arguing it's binding because they took evidence in depositions about what your belief is regarding conception? They didn't just take evidence in depositions. They took extended evidence in depositions, and they also asked interrogatory responses, one of which... How can you fault them for that? The district court hadn't ruled it was binding. What if the district court came along and said, I'll consider it as evidence, but I'm not going to hold it as binding somehow. I mean, how do you fault them for doing a thorough job of making sure they understand all of your arguments with regard to conception? It doesn't seem to me that amounts to acquiescence that your statement isn't binding. Well, they did do an extremely thorough job. For example, the interrogatory response regarding conception is one which they moved to compel a further, more complete response. So it was clear to both the court and the parties that they were not relying on what was stated in the complaint as a binding admission of law. So are you arguing a waiver or a stopple? What is the theory upon which you are basing this? The theory is that the parties both treated this as a statement of fact, which turned out to be incorrect later based on later evidence, but it was not a binding admission of law. Now, interestingly, in the Fifth Circuit, I was surprised to discover that statements in complaint are binding, but I'm going to move you now to the elements in whether they're present in Eastman, if you don't mind, but answers to interrogatories are not. I'm not sure I really follow the logic of the Fifth Circuit in drawing that distinction, but there it is. That's their law, and I'm bound to apply it. So your answer in your interrogatory, which failed to articulate particular elements that were missing in the Eastman references, according to the circuit law, not binding against you. But nonetheless, you didn't provide any evidence in response to summary judgment, and everything is just attorney argument. What would you say is your very best evidence with regard to which element is missing? Would you focus on the junction? What would you say is your – well, I guess not your best evidence, because there was no evidence, but your best argument as to which element is missing? Well, I think the best evidence would be Eastman itself, and I think the best argument would be, indeed, the junction and the switching apparatus. Eastman only disclosed a physical switch, and, in fact, it talked about how the current system wasn't sufficient, and thus this pulse counter needed to be – The physical switch you're talking about is number 50, basically, and – well, not 50. Whatever the switch is, figure two in that little dotted line. That's the switch you're referring to, right? Correct. And you're saying that to this figure, certainly, I would agree with you. I don't see what I would call a junction, nor does the patent actually use the word in reference to anything in the figure. But what about the text of the patent itself, which says that you could have multiple signals? It states that you can use multiple signals. However, I would argue that that goes to a different claim construction rather than the switching structure or the switches, because – Okay, well, what about the portion of the patent at Column 7, which says you can have multiple switches? Multiple switches. I can't think of any other way that could be handled but for a junction. You could have multiple switches. However, Eastman does not close the blocking of certain – it shows enabling of certain paths but does not show blocking the other paths. And further, it does not indicate – Here's your problem. There's a line here that says multiple switches, right? I'm talking about Column 7, right about line 27 to 29. And they presented evidence that suggested that that amounted to a junction, and you didn't present any evidence in response. So what do I do? I can't supplement my understanding of electronics for the record of evidence, and yours is only attorney argument. What do I do? How do I say, no, this reference doesn't disclose a junction, just based on your argument? Well, I think for anticipation, of course, each element must be clearly disclosed in the reference, and I don't believe that the junction – they may argue that the junction is included by this portion of the patent. However, I don't believe that it explicitly reveals each and every element of all of the claims of the 636. I'll leave the rest of my time for rebuttal. We'll go to Mr. McKinnon now. May it please the Court. To start where the argument began with regard to North Point, and that is the question of the binding nature of the statement in the complaint, I think Fifth Circuit law is absolutely clear on that. The A.G. Edwards case was very similar. It dealt with the question of timing, when something happened, and the complaint in that case said that they alleged that they terminated their account with a broker when they learned of some sort of fraudulent trading going on. They later, when there was a statute of limitations problem brought up, they later tried to submit a declaration saying, no, no, no, we didn't learn about it then. We actually learned about it much later. To avoid the statute of limitations, the Fifth Circuit said you can't do that. Even with a declaration, what you said in your complaint is binding, and you can't change it. What they said in their complaint, not once, but they said it three times actually because they amended the complaint three times and repeated the same allegation. In each instance, they said that the inventors first recognized the problem, which eventually led to the invention in 1997. As the district court observed, if you didn't even think about the problem that led to the invention in 1997, you certainly couldn't have invented something in 1996. The Fifth Circuit says that there's no way around it. I think, Your Honor, your distinction with regard to the other case involving a legal question is correct. The other case that I think was cited deals with a superseded pleading where there was some later amendment, which they obviously didn't do here. I think it was a waiver issue too in that case. You're right. There was also a waiver. It was about waiver. You're right. They didn't assert this doctrine of being bound, which we clearly did in our summary judgment motion, and the fact that we took discovery of it, I think we needed to. We couldn't be guaranteed that there was going to be a certain result on this, and we were going to go to trial, so we had to know the evidence relative to what we thought they were going to contend. Well, Fifth Circuit law is also clear, is it not, in contrast to what the district court found, that an interrogatory is not a binding judicial admission? I think you're right, Your Honor. It's not a judicial admission in the sense that had they come in on summary judgment and presented some other evidence, it might have been contrary to that admission. I think the interrogatory answer is still an admission that they've made, which is a valid basis for us to assert in summary judgment under Rule 56. We could assert that admission if they came back and said, all right, we have some evidence, or if they had later tried to amend their interrogatory answer, I think Fifth Circuit law would permit them to do that. They did neither of those. You're permitted to contravene your prior testimony, and then the court weighs it against what you present now. It would be like a deposition answer, yes. But we could still, they didn't contravene it, and we could still use that original deposition answer as evidence on summary judgment that's not controverted. So I think that even though interrogatories are treated differently, it doesn't ultimately change the position that the matter was in in front of the district judge, which is we submitted evidence, we established our prima facie case of anticipation, they responded with attorney argument, no evidence, which this court has said repeatedly is not sufficient to meet the burden with regard to responding to interrogatory. I don't think that's right. I think we have cases that say for anticipation attorney argument pointing out that an element is entirely missing from a disclosure can adequately prevent summary judgment. Do you disagree with that? Well, I guess I don't know those cases, Your Honor. I'm not saying that you're wrong. I'm just saying I'm not aware of those cases when we looked at them, and I also saw authority that said when you're dealing with technical matters, such as what we're dealing with here, interpreting patents that unsupported attorney argument is no substitute for substantiated expert opinions in terms of interpreting these documents. Can you point me to, because I asked Mrs. Lipsky or Miss Lipsky, what was her sort of best missing element from Eastman, and she drew my attention to the junction, which I think is probably their best argument for what's missing, given that the patent doesn't actually disclose a junction by use of that word anyway. Okay. You agree the word junction isn't present in the Eastman patent? I don't think that word's present in there. I agree with that. So what portion of the Eastman patent do you think, and you also agree that is a claim element? Yes, I do. Okay. So what portion of the Eastman patent do you think does disclose a junction? This is anticipation, not obviousness. Right. I think that it comes from two things. I think it's the structure that's shown in the box 52 and the figure that we've been talking about, including where the output of that switching structure goes to the amplifier. There clearly is, at that point, whatever switching has occurred comes together into a single point, which is a junction. And I also agree with the – Oh, wait, coming – why isn't it – I mean, it doesn't disclose a junction or a separate element there, so you think just the fact that the switch has to connect to the amplifier automatically makes it a junction? There is a junction there because the multiple lines are coming together in one place, which is what the junction is. Oh, no, but multiple lines are coming together as an input. There's a single switch, and then there could just be a wire going out. How does that translate into a junction? Well, I think that where we're looking at box 52 is a sort of stylized view of a switching structure, and actually I think the declaration that we submitted with regard to Mr. Elbert, he looked at our intentions and agreed with them, that in fact this stylized view of a switching structure is essentially multiple switches with a junction after them. But you agree multiple switches isn't shown, don't you? And in fact, figure 2 in the discussion of what is described – the description of figure 2 used the word switch in the singular, so I'm not sure what to – Well, I think that whether – I would say this. Whether you look at that drawing itself as purely one switch or more than one switch, when you combine it with the language on column 7, lines 23 to 29, that talks about you can have multiple switches, clearly you can take that single switch and it could become multiple switches, and when you have multiple switches you're going to have to have a junction to feed it into the receiver. Is there evidence of that, though? See, I might believe you from an electrical engineering standpoint, but I can't supplement my view of if you have multiple switches there must be a junction or something to accommodate it for record evidence. So what is the record evidence that establishes that the sentence about multiple switches necessarily gives you the presence of a junction in this invention? Well, I think first of all we have Mr. Elbert's declaration and testimony on it where he addresses the claim limitation through the claim chart that was submitted. Can you remind me on what page in the appendix my clerk says 626? Well, the actual chart that he's referring to is going to be at 796 and 797. That's the chart that he's looking at when he's assigning. That's the claim chart. Is this part of his expert report? Well, it's the invalidity contentions that he reviewed and swore to as being accurate and consistent with how he understood the disclosure as applied to the claims. And he says that there's two switches and he says that there is a junction output. And I think that if you're going to have two switches and you're going to have one... But if the 737 patent discloses a data stream junction connected to multiple paths having a junction output, where? I mean, he doesn't say anything and the word junction doesn't appear in the 737 patent. And he says, for example, which is definitely more helpful, the reference discloses that either data stream selected by the switching mechanism can be output and sent to the receiver for further processing. That's not necessarily the disclosure of a junction, as well as various other types of junctions. I just find that a little bit difficult to understand where that's present in Eastman Codex. And he says figure two in accompanying description and... The other thing I would note, Your Honor, with regard to this claim element... He certainly doesn't point to, for example, give us the level of specificity, Mr. McKinnon, to say like, for example... And the line coming out of the switch to connect to the amplifier necessarily discloses a junction because that's how it's done in electrical engineering. You know what I mean? There's not that level of specificity at all here. It's kind of conclusory. I would agree. It doesn't say what you've said. The other thing I would point to that Mr. Elbert addresses, and I think you said A626 was the point you kind of directed me to originally, perhaps, was in his declaration he sort of amends the charts by saying that he doesn't think one of the sites matters, but he does cite as an additional element for 1C, Eastman at column 7, lines 22 to 29, which is the multiple switch point. And if you have multiple switches, you're going to have a junction. Now, does he say that exactly? No, I agree he doesn't say that. But I think that's... That has actually not been disputed by evidence in the sense they haven't had an expert come in and say there's no junction here. They admitted in their interrogatory answer that everything was present, and we're faced with a situation where they have nothing. We have evidence that substantiates our point. We think the district judge was fully within the correct bounds to say there's no dispute here and the summary judgment's appropriate. If there are no further questions, I think that covers the issues I'd like to raise with the Court this morning. Thank you. Thank you. I think that the lower court had some difficulties with the junction as well because when it describes its reasoning for holding that the Eastman patent anticipated the 636 patent, it just doesn't... Ms. Lipsky, how do you deal with failure to contravene Mr. Elbert's sworn statement, his declaration at A626? I believe... He didn't provide anything other than an argument. I believe Eastman itself would be good evidence of what it does not, does or does not disclose. I believe that Mr. Elbert's testimony is conclusory. As Apelli pointed out, he actually disagreed with the chart in some points, so it's not clear that he totally agreed with their charts. Also, in the next paragraph, he talks about how it would be obvious to combine the switching arrangement in Conda with Eastman. So I think that in some ways admits that perhaps the switching arrangement does not appear explicitly in Eastman. I don't have any doubt that an attorney can hold a patent and say, race it to Lockwooder. But can you say that in the face of specific expert testimony? As I stated, I believe this expert testimony is conclusory. Furthermore, I believe that the district court... Did you object to its admission on that basis? No, Your Honor. I believe that... But even if it is conclusory, as Judge Wallach points out, they also have your admission in the interrogatory by failure to articulate specific elements, which the court says, which I think we all agree based on precedent is not binding, but it is evidence that further supports their case. In the absence of any evidence on your side, I don't see how you point to the patent and just say it's not there when their expert says it is. Well, we never admitted that all of the elements were there. Our best argument was that Eastman is not prior at all, so that is what we put forward. I believe that the district court... The district court construed your failure to articulate elements that were missing after him repeatedly instructing you that you needed to do that. He construed your failure to do that with regard to Eastman as an admission that there are no elements missing. I believe that's correct, Your Honor. However, in his reasoning as to why Eastman anticipates, he uses both Eastman and Conda explicitly. He doesn't just casually mention Conda in conjunction with Eastman. Instead, he explicitly points you to where Conda is in the record and states in his reasoning section that he reviewed Eastman and Conda and thus finds that they're invalid due to anticipation. And Conda is the exact reference that their expert indicated would contain a basic switching element, and it would be obvious to one of skill and the art to combine the two. Thank you for taking the minute.